UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JERRY COPELAND, JOHN WHITT, | ) | |
| and JAMES DUTTON, | ) | |
| on behalf of themselves and a class | ) | |
| of those similarly situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-CV-154-JD-MGG |
| | ) | |
| WABASH COUNTY, INDIANA; and the | ) | |
| WABASH COUNTY SHERIFF, in his official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On February 19, 2020, the Plaintiffs filed a class action complaint for declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983, seeking to enjoin the practices of Wabash County Jail and the Wabash County Jail Sheriff in his official capacity. [DE 1]. The Plaintiffs, on behalf of themselves and other similarly situated individuals, have sued Wabash County and the Wabash County Sheriff ("Defendants"), alleging that the conditions of confinement resulting from the overcrowded and understaffed Wabash County Jail violate the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs also filed a Motion for Class Certification pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. [DE 3]. On September 16, 2020, the Court denied the motion finding that the Plaintiffs had failed to meet the commonality and typicality requirements under Rule 23(a). [DE 24]. On December 12, 2020, the Plaintiffs filed a renewed Motion for Class Certification and filed declarations from sixteen inmates from Wabash County Jail. [DE 25]. The Plaintiffs also filed a motion to submit additional evidence and filed four exhibits with the motion. [DE 34]. The Court grants the supplemental motion and has

considered the additional evidence. The Defendants remain opposed to the certification of the Plaintiffs' proposed class. For the reasons stated herein, Plaintiffs' Motion for Class Certification is granted.

## I.     FACTUAL BACKGROUND

A more thorough review of the background of this case may be found in the Court's previous order filed on September 16, 2020, but a short summary is provided here. The Wabash County Jail is located in Wabash, Indiana and was constructed in 1979, with some renovations completed in 2006. [DE 1 at 3]. The Plaintiffs allege that the jail is "old, overcrowded, and understaffed, and as a result it is a place where violence between prisoners is common and dangerous conditions prevail." *Id*. at 1. The jail contains seventy-two permanent, operational beds. *Id*. at 3. Plaintiffs allege that the jail is above its rated capacity 100% of the time and has been above capacity since 2016. *Id*. As a result of the allegedly overcrowded conditions, adequate classification of the inmates, which the Plaintiffs argue is essential to protecting the safety of both prisoners and staff, is impossible since there is no room to keep inmates with mental and physical disabilities separate from inmates without disabilities. *Id*. at 4. The Plaintiffs allege that there are not enough seats or tables for the inmates to sit at during mealtimes, so many inmates sit on the floor to eat their food. *Id*. at 4-5. There is no outdoor recreational area at the jail, only an indoor recreation room which is unavailable for use on a regular basis since it is used to house inmates. *Id*. at 5. Since there is no bathroom in the recreation room, inmates are "given cups in which to urinate and then dump down a drain in the floor of the room," which is unsanitary, and inmates complain of the smell. *Id*. Inmates are also regularly housed in the library, which also does not have a toilet or running water. *Id*. As a result of the overcrowded conditions, the Plaintiffs also allege that assaults between prisoners are frequent and inmates

with medical or mental health conditions are housed in the general population. *Id*. at 6. Finally, the Plaintiffs allege that there is insufficient staff at the jail to adequately monitor all of the inmates. *Id*.

Similar to their previous motion, Plaintiff Jerry Copeland who has been incarcerated in the jail since July of 2019 and Plaintiff John Whitt who has been incarcerated in the jail since October of 2019, continue to allege that the chronic overcrowding of the Wabash County Jail leads to many problems for the inmates.[1] The problems include an insufficient number of beds for all of the inmates, limited recreation opportunities, increased fighting among the inmates, the failure to either properly classify or separate the inmates by classification, insufficient monitoring by prison staff, and an inadequate amount of food. Each of the Plaintiffs claim they have fully exhausted the jail's grievance system. [DE 1 at 7-9].[2] Collectively, the Plaintiffs claim that the overcrowding of the jail produces dangerous conditions, which results in the denial of basic human needs and minimal civilized measures of life's necessities amounting to punishment. *Id.* at 9.

Along with their renewed motion for class certification, the Plaintiffs filed the declarations of sixteen inmates detailing their experiences with overcrowding in the Wabash County Jail. [DE 25-1-16]. They filed three more declarations with their reply brief. [DE 32]. And finally, the Plaintiffs filed an additional three declarations and one set of interrogatory responses with their motion to supplement, which the Court considered here. [DE 34].

---

[1] The Renewed Motion indicates that one of the original plaintiffs, James Dutton, is no longer in the jail and thus only Mr. Copeland and Mr. Whitt are moving forward as plaintiffs at this time. [DE 25 at 2 n. 1].

[2] The Defendants' supplied the grievances filed by the Plaintiffs in Exhibit B. The Exhibit indicates that Plaintiff Copeland filed a grievance about the inability to attend church due to lock down, the amount of food provided, the overcrowding of the jail, and the lack of recreation. Plaintiff Whitt filed a grievance about the overcrowding of the jail leading to altercations among inmates, the roof leaking, the lack of outdoor recreation, the food not having a sufficient amount of calories, the lack of proper classification of inmates within the jail, and the lack of recreation. [DE 14-4; 30-4].

Specifically, the inmate Declarations reveal the following:

- There is an insufficient number of beds in the jail for all the inmates and therefore many inmates are forced to sleep on mattresses or boats on the floor.
- Due to the overcrowding of the jail, inmates are housed in both the library and indoor recreation room, which lack running water or a working bathroom. The inmates are reliant on the guards to let them out to use a bathroom.
- The inmates are not offered opportunities for recreation on a regular basis.
- The overcrowding of the jail leads to increased stress and tension among the inmates, which causes fighting among the inmates.
- The jail staff members do not regularly monitor the inmates.
- There is no appropriate classification of the inmates, which causes problems among the inmates.

The Plaintiffs ask, on behalf of themselves and the proposed class, this Court to enter an injunction requiring the Defendants to take all steps necessary to ensure the conditions of confinement at the Wabash County Jail comply with the United States Constitution. [DE 1]. The Plaintiffs define the class as "all persons currently confined, or who will in the future be confined, in the Wabash County Jail." [DE 3 at 1].

In its previous order, the Court found the numerosity and adequacy requirements of Rules 23(a)(1) and (a)(4) to be met. [DE 24]. The Court agrees with the Plaintiffs that the facts relevant to those requirements have not changed and thus still find that the Plaintiffs have met the numerosity and adequacy requirements of Rule 23(a). In their Renewed Motion for Class Certification, the Plaintiffs now assert that the commonality and typicality requirements are met as well. [DE 25 at 5]. Defendants argue that there is no commonality of claims concerning conditions of confinement for which there was exhaustion of administrative remedies and also argue that if a class is certified that the claims that are allowed to proceed be confined to those raised in the grievances filed by Plaintiffs Copeland and Whitt. [DE 30].  The Court addresses both arguments below.

## II.    DISCUSSION

The Court will first address whether the requirements for class certification have been met under Rule 23. The Court notes that the Defendants do not contest the typicality requirement, thus the only requirement at issue here is the commonality requirement under Rule 23(a)(2). Recognizing the need to complete a rigorous analysis when evaluating class certification claims, the Court will briefly address the other requirements as well. After addressing class certification, the Court will address the Defendants' argument that the Plaintiffs' claims should be confined to those raised in the grievances filed by the Named Plaintiffs.

### A.  Requirements for Class Certification

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions in federal court. Rule 23(a) also ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011). A party seeking class certification must first satisfy each of the requirements of Rule 23(a), showing that:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If each of these prerequisites are met, a court must also find that at least one of the subsections of Rule 23(b) is satisfied. In this case, the Plaintiffs seek class certification under sub-section (b)(2), which applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The

Plaintiffs, as the party seeking class certification, assume the burden of demonstrating that certification is appropriate. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984). And "[f]ailure to meet any of the Rule's requirements precludes class certification." *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008).

### A. Determination of Class Certification

Next the Court must again determine if the Plaintiffs have met the requirements for class certification under Rule 23(a). When reviewing whether the requirements have been met, a district court has broad discretion to determine whether certification of a class action lawsuit is appropriate. *Arreola*, 546 F.3d at 794. The United States Supreme Court has made clear, however, that the district court is to perform a "rigorous analysis" to determine whether the prerequisites of Rule 23 are satisfied because actual, not presumed, conformance with Rule 23(a) remains indispensable. *Wal–Mart*, 564 U.S. at 350-51 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160–61 (1982)). The purpose of the "rigorous analysis" is not to test the merits of the claim, however, but to determine whether the claim meets the requirements of Rule 23(a). *See Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 677 (7th Cir. 2001).

Plaintiffs in this case define the proposed class as all persons currently confined, or who will be confined in the future, in the Wabash County Jail. [DE 3 at 1]. For the Court to certify the proposed class, the Plaintiffs must establish that each of the Rule 23(a) elements have been met and that at least one of the Rule 23(b) elements has been satisfied. The Court now turns to examine the Proposed Class under the Rule 23(a) requirements.

### 1. Numerosity

The first requirement under Rule 23(a) is that the purported class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To be impracticable, joinder need not be impossible, but instead must be shown to be inconvenient and difficult. *See*

*Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993); *Gomez v. Illinois State Bd. of Ed.*, 117 F.R.D. 394, 398–99 (N.D. Ill. 1987).[3] "While there is no magic number that applies to every case, a forty–member class is often regarded as sufficient to meet the numerosity requirement." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017).

Previously, the Court found that the Plaintiffs' class was so numerous as to make joinder impracticable due to the class including unidentifiable future members and due to the inherently transitory nature of the potential class members. *See Ind. Prot. and Advocacy Servs. Comm'n v. Comm'r, Ind. Dept. of Corr.*, No. 1:08-CV-01317-RLYJMS, 2010 WL 1737821 *1 (S.D. Ind. Apr. 27, 2010) ("[B]oth the transient nature of the inmate population and the request for injunctive relief that will also inure to the benefit of future, currently unknowable, class members likewise support a finding that joinder is impracticable."); *see also Olson v. Brown*, 594 F.3d 577, 583 (7th Cir. 2010) (noting that "the plaintiff must show that there will likely be a constant class of persons suffering the deprivation complained of in the complaint."). Thus, the Court again concludes that due to the sheer size, currently ninety-one inmates are being housed at the jail, and due to its membership almost constantly changing, the proposed class meets the numerosity requirement of Rule 23(a)(1).

2. **Commonality**

The second requirement under Rule 23(a) is that the plaintiff must show that "there are

---

[3]
> "When determining if joinder of all class members is impracticable, courts often consider many factors including: the class size; judicial economy arising from the avoidance of a multiplicity of actions; the ease of identification of members of the proposed class; the geographic dispersion of class members; the size of each plaintiff's claim; the financial resources of the class members; the ability of claimants to institute individual suits; any requests for prospective injunctive relief which would involve future class members; and any other factors relevant to the practicability of joining all the class members."

*Young v. Fortis Plastics, LLC*, 294 F.R.D. 128, 134 (N.D. Ind. 2013), *modified in part sub nom. Lace v. Fortis Plastics LLC*, No. 3:12-CV-363 JD, 2015 WL 1383806 (N.D. Ind. Mar. 24, 2015).

questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Concerning the commonality requirement, claims of individual class members may arise from a 'common nucleus of operative fact,' which is usually satisfied where the defendant engaged in standardized conduct towards members of the proposed class." *Olson v. Brown*, 284 F.R.D. 398, 410 (N.D. Ind. 2012) (quoting *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998)). And "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek v. Sturm Foods, Inc*., 764 F.3d 750, 756 (7th Cir. 2014). "That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. The Plaintiffs argue that all class members are subject to the same inadequate and dangerous living conditions as a result of the overcrowding in the Wabash County Jail. [DE 26 at 17].

In their Complaint, the Plaintiffs asserted that the jail "is old, overcrowded, understaffed, and as a result it is a place where violence between prisoners is common and dangerous conditions prevail." [DE 1 at 1]. They alleged that when a jail exceeds its capacity, it is difficult to adequately classify prisoners, which is essential to protecting the safety of both prisoners and staff. *Id*. at 4. For example, "inmates with mental and physical disabilities should be separated from those without those disabilities, prisoners who are prone to be preyed upon should be separated from predators, and prisoners who have had previous problems with each other should be separated." *Id*. The overcrowding leads to "a great deal of tension" between the prisoners as there is little space to maneuver around each other and there are not enough seats and tables for the prisoners to eat their meals. *Id*. The Plaintiffs argued that the prisoners get into more disputes due to the lack of space to store personal property, due to the small number of showers available,

and that general tensions are high due to the large number of prisoners being held in a small space. *Id*. at 5. The Plaintiffs also alleged that the recreation room and the library, which do not have a toilet or running water, are used to house inmates and this prevents other inmates from being able to use the recreation room for exercise, which further exacerbates tensions in the jail. *Id*. Finally, the Plaintiffs alleged there is insufficient staff to adequately monitor the inmates, which leads to frequent assaults between prisoners and is aggravated by the overcrowded conditions of the jail. *Id*. at 6.

Along with their renewed motion for class certification, the Plaintiffs filed Declarations from other inmates that include consistent allegations that the Wabash County Jail is chronically overcrowded. [DE 25:1-16; 32:1-3; 34:1-3]. All of the declarations state that day rooms are commonly used to house additional inmates, or that inmates are forced to sleep on boats or mattresses on the floor due to the insufficient number of beds available. [Id.]. A majority of the declarations describe increased tensions and stress due to overcrowding, which leads to regular fighting among the inmates. [DE 25-1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16]. Similarly, almost all the declarations complain of no outdoor recreation and extremely limited indoor recreation opportunities. [DE 25-1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16]. This is likely because the Wabash County Jail does not have outdoor recreation facilities [DE 30-1 at 5] and because inmates are regularly housed in both the library and indoor recreation room [DE 25-1, 5, 7, 8, 11, 12, 14, 15]. The Defendants admit that "the rec room has been used to house inmates due to the COVID-19 virus" while the library is now used as a commissary room. [DE 30 at 5-6]. Inmates that were housed in the library or indoor recreation room complained of the lack of running water or facilities to use the restroom. [*Id*.]. Most of the declarations from the inmates also complained of the lack of classification of inmates within the jail describing how sex offenders and gang members were not adequately classified or separated from the remaining inmates. [DE

25-4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16]. Finally, almost all the declarations complain of jail staff members not monitoring what is going on among the inmates in the cell blocks. [DE 25-1, 2, 3, 4, 5, 6, 7, 9, 13, 14, 15, 16].

The exhibits supplied by the Defendants in response to the renewed motion show that Wabash County Jail has a history of being over capacity. The 2020 Jail Inspection Report indicates that the jail has seventy-two operational jail beds but housed eighty-nine adult inmates at the time of the inspection. [DE 30-2 at 5]. The report also indicated that eighty-six inmates were being housed out of the county. The report demonstrates that there is physical exercise available indoors, but no outdoor recreation. [*Id.* at 11]. The Jail Inspection Report also raises questions as to whether there is sufficient staffing of the jail—the Report indicates that the required number of staff was determined by a study completed in 2014. [DE 30-2 at 10]. The Report also shows that the meals served in the jail are approved by a qualified dietician, but that the menu was last approved in January of 2019. [*Id.* at 8]. Sheriff Ryan Baker's Declaration states that there were twenty-seven recorded fights among inmates over the 12-month period ending in December of 2020. [DE 30-1 at 3]. Sheriff Baker's Declaration also addressed the fighting claims of two inmates, Mr. Whitt and Rance Tait, explaining that Mr. Whitt was the instigator of his fight and that Mr. Tait refused medical treatment in two incidents where he was involved in a fight. [*Id.* at 3-4 and DE 30-6, 7, 8, 9]. Finally, the Defendants' responses to the second set of interrogatories demonstrates that the jail has a history of being over capacity in terms of the maximum population held in the jail for every month since January of 2019. [DE 34-4 at 2-4].

In their response brief, the Defendants argue that other than the lack of recreation claim, there is no commonality of claims concerning conditions of confinement for which there was exhaustion of administrative remedies. The Defendants argue that "while the commonality

requirement may be met with respect to lack of recreational opportunities, the court should not endorse pursuit of a class remedy based upon conditions of confinement . . . for which there were never grievances . . . ." [DE 30 at 8]. The Defendants then admit that the "jail is modestly overcrowded, as it has a rated capacity of 72 and houses 91 inmates." [*Id.*]. The Defendants are right that simply proving that a jail is overcrowded is insufficient to constitute a constitutional violation, but the conditions of confinement may be found to be unconstitutional. Moreover, "[v]arious prison conditions do not exist in isolation. Rather, challenged conditions must be viewed in the light of other prison conditions that may aggravate or mitigate the effect of the challenged conditions." *Wellman v. Faulkner*, 715 F.2d 269, 274 (7th Cir. 1983). Here, the Court believes that the Wabash County Jail was put on proper notice of the Plaintiffs' grievance that the jail was overcrowded, which has resulted in tension and dangerous conditions for the inmates. *See Tyson*, 2007 WL 1395563, at *4. This is enough to satisfy the PLRA exhaustion requirement for overcrowding even if the parties continue to dispute which conditions caused by overcrowding are within the scope of the suit. The Court believes that many if not most of the alleged conditions fall within the scope of the suit but will address the exhaustion argument in the next section. As the Defendants acknowledged, the matter before the Court is whether to certify the class, not to determine the merits of the Plaintiffs' claims and thus it declines to do so here.

Moreover, class certification cannot be defeated simply because there are some factual variances among the proposed members. *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992); *see Wal-Mart*, 131 S.Ct. at 2556 ("We consider dissimilarities not in order to determine (as Rule 23(b)(3) requires) whether common questions *predominate*, but in order to determine (as Rule 23(a)(2) requires) whether there *is* "[e]ven a single [common] question.") (emphasis in original). Variances here include where an inmate may have been housed, for example in the

indoor recreation room, the library, or in a regular bunk room. Despite the different locations within the jail, overcrowding caused problems in several places. "If plaintiffs can present classwide evidence that a prison is engaging in a policy or practice which rises to the level of a systemic indifference, then we can identify 'conduct common to members of the class' which advances the litigation." *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 557 (7th Cir. 2016). Ultimately, "[t]he party seeking class certification bears the burden of showing by a preponderance of the evidence that certification is proper." *Orr v. Shicker*, 953 F.3d 490, 497 (7th Cir. 2020).

Here, the Court finds that the Plaintiffs have carried their burden in establishing the commonality requirement. As the Plaintiffs' declarations indicate and several of the Defendants' exhibits show, the Wabash County Jail is engaged in a practice of overcrowding the jail, which leads to numerous conditions of confinement that causes inadequate and potentially dangerous living conditions for the inmates. "Those policies and practices, moreover, are defined with sufficient precision and specificity; they involve particular and readily identifiable conduct on the part of the defendants[,]" thus the Plaintiffs have supplied sufficient evidence demonstrating the commonality requirement. *Parsons v. Ryan*, 754 F.3d 657, 683 (9th Cir. 2014). The inmates are recipients of the same conduct or practice carried out by the Defendants and this gives rise to the same kind of claims from all class members as was demonstrated by the declarations filed by the Plaintiffs. Thus, the commonality requirement is established.

### 3. Typicality

The question of typicality is closely related to the question of commonality. *Rosario*, 963 F.2d at 1018. The typicality requirement "is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large." *Howard v. Cook Cty. Sheriff's Off.*, 989 F.3d 587, 605 (7th Cir. 2021) (internal quotations and citation omitted). To

satisfy the typicality requirement of Rule 23(a)(3), the court must find that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Seventh Circuit has summarized the typicality analysis:

> "A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory. Even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large."

*Arreola*, 546 F.3d at 798.

As the Court noted in its previous opinion, if the proposed class was subject to the same practice as the Plaintiffs—overcrowding of the jail—then this element is met. A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *Rosario*, 963 F.2d at 1018. Even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006).

As the Declarations demonstrated, the members of the proposed class, the inmates of Wabash County Jail, suffer from the same conditions or effects of overcrowding as Mr. Copeland and Mr. Whitt. The Named Plaintiffs' claims are typical of the class claims of overcrowding in the jail, of fighting among the inmates, of the lack of recreation, the inadequate classification of inmates, and the inadequate monitoring of inmates by jail staff members. [DE 25, 34]. Moreover, the Defendants do not contest that the typicality requirement is met here. Thus, the Court finds that the Plaintiffs have raised claims that are typical of the class's claims which arise from the jail's same practice or course of conduct, that is, depriving inmates of adequate conditions of confinement as a result of the overcrowding of the jail.

### 4. Adequacy of Representation

Finally, Rule 23(a)(4) requires that the Plaintiffs will fairly and adequately protect the interests of the class. Adequacy of representation is composed of two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. *Retired Chicago Police Ass'n v. City of Chi.,* 7 F.3d 584, 598 (7th Cir. 1993). Although not contested by the Defendants, the Court recognizes Mr. Kenneth Falk and Ms. Stevie Pactor are more than adequate to serve as class counsel. And consistent with its previous order, the Court again finds Plaintiffs Copeland and Whitt to be adequate representatives of the class. There is no evidence of their inadequacy or that they have any unique defenses or circumstances that might cause conflict between them and the other members of the proposed class. The Plaintiffs understand the basic facts underlying their claims, most notably the conditions they experienced as a result of the alleged overcrowding of the jail. Finally, the Defendants do not contest that the Plaintiffs and the class are represented by experienced counsel, nor do they dispute that either Plaintiffs Copeland or Whitt will vigorously pursue the class' interests as well as their own. Therefore, the Court finds that the Plaintiffs meet the requirements of Rule 23(a)(4).

### 5. Rule 23(b) Requirement

In addition to meeting the class certification requirements under Rule 23(a), Plaintiffs' proposed class must satisfy the requirements of one of the three subsections of Rule 23(b). The Plaintiffs only seek certification under Rule 23(b)(2) and thus the Court considers whether certification under that subsection is proper. Rule 23(b)(2) covers cases where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see Lemon v. Int'l Union of Operating Eng'rs, Local No. 139,*

*AFL-CIO*, 216 F.3d 577, 580–81 (7th Cir. 2000) (noting that Rule 23(b)(2) certification does not ensure personal notice or an opportunity to opt out even if some or all of the plaintiffs pray for monetary damages). The key to the (b)(2) class is "the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 131 S.Ct. at 2557. Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. *Id.*

In this case, final injunctive relief or corresponding declaratory relief, if ultimately granted, would be appropriate respecting the class as a whole. Liability will be based on a common question for all the proposed class members. The Defendants will be liable if they have a policy or practice of failing to appropriately address the claims of overcrowding and the corresponding conditions of confinement alleged by the inmates. The resolution of each class member's claim will hinge on the same operative facts relative to Defendants' standardized conduct— conduct which can be enjoined or declared unlawful only as to all of the class members or as to none of them. Because a single injunction or declaratory judgment would provide relief to each member of the class, class certification is appropriate under Rule 23(b)(2).

Therefore, since the Plaintiffs have demonstrated that certification is appropriate pursuant to Fed. R. Civ. P. 23(a) and (b)(2), the Court ORDERS that this case be certified as a class action. The Court certifies a class comprised of all persons currently confined, or who will in the future be confined, in the Wabash County Jail.

### B.  Exhaustion Requirements under the Prison Litigation Reform Act

In their response brief, the Defendants argue that if a class is certified, the Plaintiffs should be confined to the conditions of confinement for which they exhausted administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e). [DE

30 at 1]. The Act requires an inmate to fully exhaust his administrative remedies before initiating

litigation pursuant to 42 U.S.C. § 1983. The purpose of the grievance process is to alert prison

officials to any problems that may be occurring so action can be taken to remedy the problems.

*See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). "To exhaust remedies, a prisoner must

file complaints and appeals in the place, and at the time, the prison's administrative rules

require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). The Defendants ask the

Court that if the class is certified, the claims to be litigated be confined specifically to the

conditions of confinement for which Plaintiffs Copeland and Whitt exhausted administrative

remedies.

As the Defendants note, "[t]here is no question that exhaustion is mandatory under the

PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199,

211 (2007) (citing *Porter v. Nussle,* 534 U.S. 516, 524 (2002)). But in the same case, the

Supreme Court recognized that "inmates are not required to specially plead or demonstrate

exhaustion in their complaints." *Id*. at 216. While the Court agrees that the Plaintiffs should be

limited to the claims that were fully exhausted, it does not believe the class certification stage is

the place to resolve affirmative defense arguments. The Court finds that the Plaintiffs' grievances

adequately alerted the Wabash County Jail of a variety of problems and living conditions which

are the result of the overcrowding of the prison. Judged merely on the allegations of the

Complaint, the Plaintiffs have adequately claimed that the overcrowding is "sufficiently serious"

to violate the Constitution. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The parties disagree

over the precise list of specific claims that were exhausted. But the class certification stage is not

the place to resolve the merits of a particular defense and thus the Court believes that the

exhaustion issue is better left for summary judgment. "As a general matter, if a complaint

contains both good and bad claims, the court proceeds with the good and leaves the bad." *Id*. at

221. And after a certification order is entered, "the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of SW v. Falcon,* 457 U.S. 147, 160 (1982). Therefore, the Court will defer on deciding the Defendants' exhaustion arguments at this time.

### III.    CONCLUSION

Accordingly, Plaintiffs' Renewed Motion for Class Certification is GRANTED. [DE 25]. The class is defined as "all persons currently confined, or who will in the future be confined, in the Wabash County Jail." Accordingly, a class consisting of all current and future persons confined in the Wabash County Jail, is CERTIFIED. Plaintiffs Jerry Copeland and John Whitt are appointed as representative plaintiffs of the class so certified. Their current counsel are appointed as counsel for the class. The Court DIRECTS class counsel to provide notice of this certification to each individual member of the class who can be identified through reasonable effort.

SO ORDERED.

ENTERED:  May 10, 2021


_____/s/ JON E. DEGUILIO_____
Chief Judge
United States District Court