UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY COPELAND, *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:20-cv-154-JD-MGG |
| | ) |
| WABASH COUNTY, INDIANA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Stipulation to Enter into Private Settlement Agreement
Following Notice to the Class and Fairness Hearing**

The parties, in person and by their counsel, stipulate and agree as follows:

### I.     The history of the case

1.     This action was filed on February 19, 2020, and sought declaratory and injunctive relief against the defendants on behalf of three Wabash County Jail detainees,[1] Jerry Copeland, John Whitt, and James Dutton, and a putative class that they sought to represent pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

2.     The complaint alleged that the conditions of the Wabash County Jail violated the 14th Amendment of the United States Constitution as applied to pretrial

---

[1]     The term "detainee" as used herein is defined as any individual subject to detention regardless of that person's status as an arrestee, pretrial detainee, or sentenced and convicted prisoner.

[1]

detainees and the 8th Amendment of the United States Constitution as applied to convicted persons.

3.      On May 10, 2021, the Court issued its Opinion and Order concerning class certification. (Dkt. 35). The Court certified the following class, with Jerry Copeland and John Whitt as class representatives (as Mr. Dutton was no longer in the Jail at the time that the plaintiffs filed their renewed Motion for Class Certification [Dkt. 25]), pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure:

> all persons currently confined, or who will in the future be confined, in the Wabash County Jail.

(Dkt. 35 at 17). Kenneth J. Falk and Stevie J. Pactor were named as counsel for the class. (*Id.*).

4.      The defendants deny plaintiffs' allegations and also deny that conditions in the Wabash County Jail have violated or currently violate constitutional norms.

5.      The parties wish to settle this litigation and the disputes between them and therefore enter this stipulation.

6.      The class representatives and the class understand and acknowledge that the defendants' entry into this private settlement agreement is not, and shall not be construed as, an admission of liability and imposes no liability on the defendants or any of their agents, employees, officers, or other persons for any violation of law, constitutional or otherwise.

7.      Insofar as the plaintiffs have sought relief under 42 U.S.C. § 1983 for

[2]

violations of the United States Constitution, this litigation is subject to the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, *et seq.* The PLRA imposes certain requirements on judicially sanctioned agreements made in litigation such as this but provides that the parties may enter into private agreements which are exempted from the requirements of the Act. 18 U.S.C. § 3626(c). However, such agreements are not subject to enforcement under federal law other than through potential reinstatement of the proceedings, although they are enforceable under state law as breaches of contract. *Id.*

8. Because this case has been certified as a class action, the Court must determine, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, whether the parties' agreement is a fair, reasonable, and adequate resolution of this matter. Defendants' counsel has consulted with the defendants who have given their oral approval to this Stipulation and class counsel has consulted with the named plaintiffs who have also given their oral approval. The parties intend, in the near future, to file another version of the Stipulation with the signatures of defendants and the named plaintiffs affixed. Although this private settlement agreement has been agreed to by the above parties, it is not effective until after: (a) notice is given to the class; (b) the Court conducts the hearing required by Rule 23(e); and (c) the Court determines that the settlement is fair, reasonable, and adequate. The date of the Court's determination, if it makes such determination, is referred to hereafter as "the effective date."

9. Accordingly, the defendants and class counsel understand and

acknowledge that this private settlement agreement is contingent on the Court finding that it is fair, reasonable, and adequate. They further understand and acknowledge that if the Court finds that it is *not* fair, reasonable, and adequate, their agreements herein are void, and this document will not impose any obligations on either party.

10. If the Court finds that the proposed settlement is fair, reasonable, and adequate consistent with the requirements of Rule 23(e), this document is deemed a private settlement agreement under the PLRA.

11. This agreement is supported by good and valuable consideration, including but not limited to, the following. If found to be fair, reasonable, and adequate, the plaintiff class will agree that they will not seek a permanent injunction or final judgment in this case. The defendants agree that they will implement the substantive terms of the Private Settlement Agreement as set out below.

## II. Substantive terms

12. The parties agree that the Wabash County Jail (the "existing Jail") will be replaced with a new facility as set out in more detail below.

13. Accordingly, the parties have set out below a "long-term agreement" providing for the replacement of the existing Jail and a "short-term agreement" for the operation of the existing Jail during the construction of the new facility.

### A. Long-term agreement

14. The defendants agree to construct a new Wabash County Jail facility (the

"new Jail"). This will be done at the earliest opportunity as further set out below.

15. Wabash County has selected RQAW as the architect for the new Jail and Pyramid Consulting, Inc., as construction manager for the new Jail

16. Wabash County has selected as a site for the Jail property that it owns located near the Wabash County Farm.

17. The new Jail will have between 250 and 300 permanent beds.

18. It is anticipated that ground will be broken for the new Jail during the fall of 2021 and it will be ready for occupancy in the first quarter of 2023. The parties recognize that the COVID-19 pandemic and other unforeseen circumstances could impact the above schedule. They thus agree that the above schedule is not immutable and that events could occur that would necessitate its modification and extension. If modifications or extensions become necessary, the defendants will notify class counsel at the earliest opportunity.

19. The parties agree that the new Jail should have sufficient staff to ensure the health and safety of detainees to the greatest extent possible. At an appropriate time before the new Jail is opened, the defendants will obtain a written staffing analysis prepared by a person with the necessary expertise who uses accepted correctional standards in his or her analysis. Within 14 days of receiving the written staffing analysis, the defendants will provide class counsel a copy of the same. The defendants shall endeavor to fully fund and employ the staff positions recommended in the staffing

analysis. In the event they believe that they will not be able to have the recommended staffing numbers on the personnel table and hired within six months of the opening of the new Jail they shall provide to class counsel a proposed schedule for funding and hiring any additional positions.

20. The new Jail will not house any detainees until such time as an inspector from the Indiana Department of Correction's County Jail Services Division inspects the new facility and approves the physical structure's readiness for occupancy and determines that all necessary requirements of the Indiana County Jail Standards, currently promulgated at 210 IAC 3-1-1, *et seq.*, are met.

### B.    Short-term agreement

21. Mr. Copeland and Mr. Whitt and the class members recognize that before the new Jail is opened, the existing Jail will be utilized. The parties thus agree that:

### i.   POPULATION

22. All efforts will be made to keep the existing Jail's population at or below 90 pending the opening of the new Jail.

23. In an effort to maintain the existing Jail's population at or below 90, the Wabash County Sheriff will, as necessary, house Wabash County detainees in alternate facilities, including out-of-county facilities. This paragraph shall not require the Sheriff to disregard or violate orders issued by the Wabash County judiciary.

24. When the population of the existing Jail exceeds 90 for more than 5

consecutive days, the Sheriff or his designee shall have 24 hours to notify the following persons of that fact: (a) all Wabash County judges with criminal jurisdiction; (b) the Wabash County Prosecutor; (c) the president of the Wabash County Commissioners; (d) the president of the Wabash County Council; and (e) class counsel.  The parties agree that said notice may be provided electronically, such as by e-mail.

25.   Together with the notice to the Wabash County judges referenced in paragraph 24 above, the Sheriff or his designee shall also ask the judges to release a sufficient number of detainees to reduce the Jail's population to 90 or less.  The parties understand that that the decision to release any detainee is solely within the discretion of the Wabash County judiciary.

26.   Absent an emergency or good cause, detainees will be housed only in cell blocks and holding cells and not in the Jail's law library or indoor recreation area, or other room not designed for the housing of detainees. The Sheriff shall maintain a log identifying all instances where a prisoner is housed outside of the cell blocks for longer than 48 hours in each calendar month and shall submit that log to (a) all Wabash County judges with criminal jurisdiction; (b) the Wabash County Prosecutor; (c) the president of the Wabash County Commissioners; (d) the president of the Wabash County Council; and (e) class counsel no later than the second Monday of the following month. This paragraph shall not require the Sheriff to disregard detainee health and safety. For purposes of this paragraph "good cause" is defined as: (a) a circumstance particular to

the detainee so that it is in his or her best interest to continue to be housed in this area; or (b) the best interests of the facility as a whole.

27. Detainees who cannot be assigned a permanent bed or a bunk bed in the existing Jail shall be provided a mattress and either a free-standing bunk bed or a portable bed (often referred to as a "boat") upon which to place their mattress.

28. If detainees are temporarily housed in a part of the Jail without direct access to running water and the lavatory, they shall be offered restroom access at least once every 60 minutes in connection with the visual check performed per 210 IAC 3-1-14(a)(1). They may also request restroom access at any time and in the absence of an emergency, restroom access will be provided in 15 minutes or less.

29. Any detainee temporarily housed in a part of the Jail without direct access to running water and the lavatory may request a shower at any time. The request will be satisfied as soon as possible, but no later than within 8 hours.

30. Class counsel will be provided a report on Monday of each week stating the population of the existing Jail for each day in the seven-day period prior to that time. The population will be surveyed each day at approximately the same time of day. The time will be chosen by defendants. The report may be provided to class counsel electronically, such as by e-mail.

  ii.  *RECREATION*

31. The parties agree that all detainees housed in the existing Jail will be offered

and provided at least three hours of recreation a week in the indoor recreation area within the existing Jail pursuant to a regular schedule. In the event that the schedule is not maintained, and the detainees do not receive the requisite hours, this will be reported within one week to the plaintiffs' counsel.

    iii.    *SUPERVISION*

32. During the pendency of this agreement jail staff shall conduct a visual check, not including observation by a monitoring device, of each cell block at least once every 60 minutes, which checks may be conducted on an irregular schedule and shall be documented.

## C. *Staffing*

33. The parties agree that all efforts will be made to maintain the staffing positions for correctional staff in the Jail currently authorized by the County and these positions in the personnel table will not be decreased absent a staffing analysis performed by a person with the necessary expertise who uses accepted correctional standards in his or her analysis.

## C. *Reporting requirements and expert visits*

34. The parties agree that the defendants will file a progress report with the Court summarizing relevant developments every 90 days. The first report will be filed no later than 90 days after the effective date of the Private Settlement Agreement and will include information from that 90-day period. After the first report, each subsequent

report will only focus on the prior 90-day period. Each report will include at least:

    a.    A summary of the current state of development/construction of the new Jail.

    b.    The population of the existing Jail on the date of the report.

    c.    The current staffing of the existing- Jail, including the number of full-time and part-time employees, and any positions that have been allocated, but are unfilled.

    d.    The number of days in the preceding three months that the population in the existing Jail exceeded 90 persons.

    e.    Whether detainees have been offered the three hours a week of recreation in the existing Jail's indoor recreation area as stated above, and if not, the cell blocks not offered that amount of recreation and the reasons why.

    f.    A summary of all documented reports of detainee violence, including violence perpetrated on detainees and jail staff.

### III.    Attorneys' fees and costs

35.    The defendants deny that the named plaintiffs and the class members are prevailing parties as defined by 42 U.S.C. § 1988. The defendants also deny that the named plaintiffs are otherwise entitled to recover attorneys' fees or costs from the defendants under any federal or state statute or legal theory. However, in the interest of resolving this litigation, and subject to notice to the class and approval by the Court as required by Federal Rule of Civil Procedure 23, defendants agree to pay class counsel attorneys' fees and costs in the total amount of $20,000.

36. This document shall be inadmissible as evidence of the named plaintiffs' or the certified class's entitlement to attorneys' fees or costs in this action accrued prior to the effective date of this private settlement agreement under 42 U.S.C. § 1988, a private attorney general theory, or any other federal or state statute or legal theory.

37. Absent a future agreement by the parties otherwise, the named plaintiffs and the class agree that they are not entitled to attorneys' fees and costs incurred after the effective date of this private settlement agreement unless they demonstrate an independent entitlement under 42 U.S.C. § 1988.  However, the named plaintiffs and the class agree that if the defendants comply with and do not breach the terms agreed herein, they waive any claim of an entitlement to attorneys' fees and costs incurred in this action after the effective date of this private settlement agreement.

### IV.   Notice to the class

38. The parties acknowledge that Rule 23(e) of the Federal Rules of Civil Procedure requires that before a class action is dismissed or compromised notice must be given to all class members prior to approval of any settlement.

39. Attached hereto is a proposed class notice prepared by class counsel and agreed to by defendants' counsel.

40. The parties agree that the notice, if approved by the Court, will be provided to the class by: (a) hand delivery of the notice by jail officers to each detainee in the existing Jail on an agreed upon date; and (b) posting a copy of the notice in a prominent

place in each living area of the existing Jail for 30 days. For purposes of subsection (a), class counsel agrees to provide the defendants with a sufficient number of pre-printed notices for distribution to the detainees.

41. Following the 30-day-notice period specified above, class counsel will report to the Court and to the defendants as to the comments received by class members and will make further recommendations as to whether, in their estimation, the Private Settlement Agreement is an adequate and fair resolution of this matter pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

42. At the current time, class counsel believe that this private settlement agreement is a just and equitable resolution of the current contested matters in this cause but wish to hear from the class before giving their final opinion as to this matter.

### V.    Further proceedings

43. As specified, the parties intend this document to be a private settlement agreement resolving all the contested issues in this cause. After its effective date, all parties reserve the right to seek a further hearing before the Court if deemed appropriate.

44. Absent an emergency, the parties agree that if any of them determine the need for a further hearing before the Court, their counsel will communicate that fact to the other's counsel at least 10 days before making any court filing.

45. The parties agree that absent an order from the Court or a subsequent written agreement by the parties, this private settlement agreement, if deemed to be fair,

reasonable, and adequate and allowed by the Court to go into effect, should remain in effect until 30 days after the new Jail is occupied, at which time the case should be dismissed.

46. The parties agree that such dismissal should be with prejudice as to this action only, preventing this action from being revived by the named plaintiffs and any class member. The parties agree, however, that nothing precludes a future action for injunctive and declaratory relief brought after this time by a detainee at the new Jail.

### VI. Parties' Further Requests of the Court

47. The parties request that this Court find, after the required notice, that this proposed private settlement agreement is a fair, reasonable, and adequate settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

For the plaintiffs:

/s/ Kenneth J. Falk
Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org

Attorneys for Plaintiffs and the Certified Class

/s/ *Pamela G. Schneeman*

(w/ permission)
James S. Stephenson
Pamela G. Schneeman
Joseph A. Samreta
Stephenson, Morow & Semler
3077 E. 98th St.
Suite 240
Indianapolis, IN 46280
317/844-3830
fax: 37/573-4194
jstephenson@stephlaw.com
pschneeman@stephlaw.com
jsamreta@stephlaw.com

Attorneys for Defendants