UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY COPELAND, JOHN WHITT, JAMES DUTTON, <br><br> Plaintiffs, <br><br> v. <br><br> WABASH COUNTY, INDIANA, WABASH COUNTY SHERIFF, <br><br> Defendants. | Case No. 3:20-CV-154 JD |

## OPINION AND ORDER

The parties have filed a stipulation to settle all issues in the case (DE 38) (the "Proposed Stipulation"). Plaintiffs also filed a motion to set the matter for a fairness hearing and approve notice to the class members pursuant to Federal Rule of Civil Procedure 23(e). (DE 39.) For the reasons stated herein, the Court will preliminarily approve the Proposed Stipulation, approve the notice to class members, and set the matter for a final approval hearing.

**A.      Background**

On February 19, 2020, Plaintiffs Jerry Copeland and John Whitt, on their own behalf and on behalf of a class of those similarly situated, filed a complaint seeking declaratory and injunctive relief pursuant to 42 U.S.C.§ 1983 against Wabash County, Indiana, and the Wabash County Sheriff in his official capacity. (DE 1.) They claimed that the Wabash County Jail's conditions violated the Eighth and Fourteenth Amendments. (DE 1 at 1.) On May 10, 2021, the Court certified this case as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2), approving a plaintiff class defined as:

> [A]ll persons currently confined, or who will in the future be confined, in the Wabash County Jail.

(DE 35 at 17.) On August 20, 2021, the parties filed a "Proposed Stipulation." (DE 38.) On the same date, Plaintiffs filed a motion to approve class notice and set the case for a fairness hearing. (DE 39.) The Proposed Stipulation indicates that Defendants agreed to this motion. (DE 38.)

The underlying allegations were set forth in the Court's order certifying the class (DE 35), and need not be rehashed here. The Proposed Stipulation is divided into a long-term agreement and a short-term agreement. (DE 42-1 at 4, 6.) In the long-term agreement, Defendants have agreed to construct a new Wabash County Jail facility, which will have between 250 and 300 permanent beds. (*Id.* ¶ 14, 17.) It is anticipated that ground will be broken during the fall of 2021 and that the new jail will be ready for occupancy in the first quarter of 2023. (*Id.* ¶ 18) The parties agree, however, that if events occur necessitating modification, this schedule may be amended. (*Id.*) In such an event, defendants will notify class counsel at the earliest opportunity. (*Id.* ¶ 18.) Parties further agree that the new jail should have sufficient staff to ensure the health and safety of detainees. (*Id.* ¶ 19.) Prior to the jail's opening, the Defendants will have an expert prepare a written staffing analysis and, within 14 days of receiving it, provide class counsel with a copy. (*Id.*) Defendants will attempt to fully fund the staff positions recommended in the staffing analysis, but if they believe they cannot employ the recommended staff within six months of the opening, they agree to provide class counsel a proposed schedule for funding and hiring additional positions. *(Id.)* Prior to housing any detainees, an inspector from the Indiana Department of Correction's County Jail Services Division must determine that the new jail meets all necessary requirements of the Indiana County Jail Standards and approve its structural readiness. (*Id.* ¶ 20.)

In the short-term agreement, parties agree that all efforts will be made to keep the existing jail's population at or below 90. (*Id.* ¶ 22.) In order to accomplish this, the Wabash

County Sheriff will, as necessary, house detainees in alternate facilities. (*Id*. ¶ 23.) If the population of the Jail exceeds 90 for more than 5 consecutive days, the Sheriff has 24 hours to notify (a) all Wabash County judges with criminal jurisdiction; (b) the Wabash County Prosecutor; (c) the president of the Wabash County Commissioners; (d) the president of the Wabash County Council; and (e) class counsel. (*Id*. ¶ 24.) In such an event, the Sheriff must also ask the judges to release a sufficient number of detainees to reduce the Jail's population to 90 or fewer detainess. (*Id*. ¶ 25.)

Parties also agree that absent good cause detainees will only be housed in cell blocks and holding cells. (*Id*. ¶ 26.) The Sheriff will maintain a log identifying any instance where a prisoner is housed outside of the cell blocks for longer than 48 hours in each calendar month. (*Id*.) This log will then be submitted to (a) all Wabash County judges with criminal jurisdiction; (b) the Wabash County Prosecutor; (c) the president of the Wabash County Commissioners; (d) the president of the Wabash County Council; and (e) class counsel. (*Id*.)

If a permanent bed cannot be assigned to a detainee, parties agree that a mattress and either a free-standing bunk bed or portable bed will be provided. (*Id*. ¶ 27.) If a detainee is housed in a part of the jail without direct access to running water and a bathroom, they will be offered restroom access at least once every 60 minutes, and may request restroom access at any time, which should be provided within 15 minutes absent an emergency. (*Id*. ¶ 28.) If a prisoner is temporarily housed without direct access to running water and the lavatory, a request for a shower must be satisfied as soon as possible, but no later than within 8 hours. (*Id*. ¶ 29.) Every Monday, class counsel must receive a report stating the population of the existing jail for each day in the prior week. (*Id*. ¶ 30.) Population is to be surveyed once daily by Defendants at approximately the same time. (*Id*. ¶ 30.)

The parties agree that all detainees in the existing jail will be offered and provided at least three hours of indoor recreation per week. (*Id.* ¶ 31.) If the detainees do not receive the requisite hours, this must be reported within one week to class counsel. (*Id.*) The parties also agree that jail staff will perform an in-person, documented visual check of each cell block at least once every 60 minutes. (*Id.* ¶ 32.) Furthermore, parties agree that all efforts will be made to maintain current staffing positions for correctional staff absent a staffing analysis conducted by an expert using accepted correctional standards. (*Id.* ¶ 33.)

Additionally, the agreement provides that there must be certain progress reports filed by the defendants. (*Id.* ¶ 34.) These progress reports will summarize relevant developments in the prior 90-day period and the first must be filed with the Court no later than 90 days after the effective date of the Private Settlement Agreement. (*Id.*) Each report will include at least:

   a. A summary of the current state of development/construction of the new Jail.

   b. The population of the existing Jail on the date of the report.

   c. The current staffing of the existing Jail, including the number of full-time and part-time employees, and any positions that have been allocated, but are unfilled.

   d. The number of days in the preceding three months that the population in the existing Jail exceeded 90 persons.

   e. Whether detainees have been offered the three hours a week of recreation in the existing Jail's indoor recreation area as stated above, and if not, the cell blocks not offered that amount of recreation and the reasons why.

   f. A summary of all documented reports of detainee violence, including violence perpetrated on detainees and jail staff.

(*Id.*) Defendants have also agreed to pay class counsel attorney's fees and costs in the total amount of $20,000. (*Id.* ¶ 35.) Attorneys for each side signed the Proposed Stipulation (DE 42.)

**B.     Discussion**

Federal Rule of Civil Procedure 23(e) governs the voluntary dismissal of class actions:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1)   The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2)   If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> (3)   The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> (4)   If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> (5)   Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Here, the Proposed Stipulation provides all of the injunctive relief sought in the class action complaint. (DE 1 at 10.) The Complaint alleged that the Wabash County Jail was "old, overcrowded, and understaffed," resulting in "dangerous conditions" (DE 1 at 1.) The Proposed Stipulation takes steps to build a new jail to solve these problems and provides for measures to address current overcrowdedness in the existing jail. Therefore, the Court believes the agreement appears to represent a fair, reasonable, and adequate compromise in light of the possibility of protracted litigation and disputed issues of liability.

The Court, having reviewed the Proposed Stipulation and other submissions of the parties, HEREBY ORDERS, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

5

1. The representations, agreements, terms, and conditions of the parties' Proposed Stipulation to dismiss, as embodied in the Proposed Stipulation (DE 38), are preliminarily approved pending a final fairness hearing.

2. As previously indicated, for purposes of this lawsuit, Class Members are defined as follows:

    > [A]ll persons currently confined, or who will in the future be confined, in the Wabash County Jail.

3. If for any reason the proposed stipulation ultimately does not become effective, the parties shall notify the Court and return to their respective positions in this lawsuit as those positions existed immediately before the parties executed the proposed stipulation. Nothing stated in the Proposed Stipulation or in this Order shall be deemed an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any party for any purpose in this action or in any other action or proceeding of any kind.

4. After reviewing the Motion to Approve Class Notice and Manner of Notice to the Class and to Set Case for Fairness Hearing (DE 39), and the Proposed Class Notice (DE 41), the Court hereby GRANTS the Plaintiff's Motion, APPROVES the proposed notice (except with respect to revisions ordered below) and DIRECTS that:

    a. The notice of hearing form shall be substantially similar to the form provided and approved herein (DE 41), EXCEPT the following revisions are ORDERED to be made:

        - **In order to preserve the Class Members' rights to either comment *or* object, the final paragraph of the proposed notice shall be amended to and read in its entirety as follows:**
          The agreement provides that this notice will be given to Jail prisoners as well as being posted at prominent locations in each living area of the Jail for 30 days. If you have comments about any aspect of the settlement, you need to make them within 30 days of when you receive the notice or the

notice is posted. If you want to make a comment, please send it to us at the address below. We will summarize all the comments and present them to the Court at the hearing the Court will have to consider the agreement. Your communication with us is confidential as we are your attorneys in this matter. Therefore, in the summary that we will make for the Court we will not attach your letter or mention your name or identifying information unless you ask us to do so. If you want your letter filed with the Court, please put the following language at the top of your letter: I AUTHORIZE AND DIRECT MY ATTORNEYS TO FILE THIS LETTER WITH MY NAME AND OTHER INFORMATION WITH THE COURT. We will then file what you send us along with a summary of your comments. This is a public filing to which all persons have access. If you do not put this language in your letter, we will just summarize your comments without any mention of your name or other information that would identify you and we will not file your letter. The Court will review these summaries and direct filings at a hearing to be held at 10:00 a.m. (Eastern Time) on Monday, December 20, 2021, before the Hon. Jon E. DeGuilio, in his first-floor courtroom of the United States Courthouse located at 204 S. Main Street, South Bend, IN 46601.

- **At the end of the notice, the following language shall be added:**
  This notice has been authorized by the United States District Court for the Northern District of Indiana. **The Court has taken no position in this case regarding the merits of the claims or the proposed settlement.**

5.  The Court finds and determines that the notice of hearing given to Class Members in accordance with paragraph 4 herein constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

6.  A hearing will be held before The Honorable Jon E. DeGuilio, United States District Judge, in his first-floor courtroom at the United States Courthouse, 204 S. Main Street, South Bend, Indiana, 46601 at **10:00 a.m. on Monday, December 20, 2021** ("Final Approval Hearing"), to determine whether the Proposed Stipulation should be approved as fair, reasonable, adequate, and in the best interests of the Class. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice.

7. At least 14 days prior to the Final Approval Hearing, Class Counsel shall file with this Court and serve a declaration certifying that notice has been posted as directed in this Order.

8. At least 14 days prior to the Final Approval Hearing, the parties (as agreed upon) are to request Final Approval of the Settlement and jointly file a memorandum of points and authorities in support of the motion, and Class Counsel is to file a motion for approval of attorney's fees and costs consistent with Fed. R. Civ. P. 23(h).

9. The parties entered into the Stipulation out of a desire to reach a settlement in this matter. By entering into this Stipulation, the defendants do not concede any wrongdoing in this matter and they continue to deny wrongdoing. The parties also stipulate that the defendants' entry into this Stipulation is not an admission of any kind and imposes no liability on defendants for any violation of law except as set out herein solely for the purpose of compromising and settling disputed claims.

10. The Court reserves the right to adjourn or continue the Final Approval Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Approval Hearing or at any later hearing.

SO ORDERED.

ENTERED: October 7, 2021

        /s/ JON E. DEGUILIO
Chief Judge
United States District Court